## CHARLES F. SWIGART

### v.

## EDWIN S. HAWLEY.

*Agency—Sale of Real Estate—Recovery of Commissions—Evidence— Instructions.*

1. An instruction having no basis upon evidence introduced should be refused.

2. Whether in a given case the owner of real estate wrongfully broke off a trade which his agent had worked up and which the proposed purchaser was ready, able and willing to carry out, is a question of fact for the jury.

3. The fact that the owner in such case does not perform his duty can not cut off the claim of the agent to compensation.

4. Compensation is earned by an agent when a purchaser is found who is ready, able and willing to take the property upon the terms fixed by the owner. The completion of the sale when the broker is only employed to find a purchaser devolves upon the owner, and whether the proposed purchaser has ever become bound or not, makes no difference if he is able, ready and willing.

[Opinion filed June 2, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Messrs. Beam & Cooke and Henry D. Beam, for appellant.

Messrs. Cratty Bros. & Ashcraft, for appellee.

Gary, J.  This is an action of assumpsit by the appellee for commissions as a real estate broker.

That the appellee was by the appellant employed as such broker, and the rate of compensation agreed upon, is not disputed.  Whether the appellant wrongfully broke off the trade which the appellee had worked up, and which the proposed purchasers were ready, able and willing to carry out, is all the subject of conflicting testimony, on which the verdict of the jury is final.

The instructions asked by appellant and refused by the court are three, the last of which, being based on no evidence, was properly refused for that reason.  The other two are as follows:

" 3.  If the jury believe from the evidence that the defendant agreed to pay the plaintiff $2,500 as commissions on the sale of the real estate described in the declaration, in case a sale of said property should be made through the efforts of the plaintiff, and that in fact no sale or contract for the sale of said property was ever made by or through the plaintiff, nor to any purchaser procured by him, then the jury will find the issues herein for the defendant.

" 4.  The jury are further instructed, as matter of law, that in order to make a valid and binding contract for the sale of real estate, it is necessary that some note or memorandum of the sale, describing or stating the land to be sold and the price to be paid, should be made in writing and signed by the party to be bound by the contract, or his agent.  And if the jury find from the evidence that no such note and writing was ever made and signed by the defendant, Swigart, or by the plaintiff, Hawley, or by any other person acting in behalf of the defendant, Swigart, contracting to sell the land in ques-

tion to Collins and Howe, or either of them, and that said
Collins and Howe never made any deposit of money on
account of such purchase, and never, by themselves or their
agent, signed any contract in writing agreeing to purchase
and pay for said land, then the jury are instructed that no
binding contract for the sale of said land was made with Col-
lins and Howe, and that Collins and Howe were not legally
bound nor compellable to make such purchase, nor was the
said defendant, Swigart, legally bound to convey or cause the
said land to be conveyed to said Collins or Howe, or either of
them."

The first of those instructions was properly refused, because
if the appellant was in fault he could not thereby cut off the
claim of the appellee to compensation.   Monroe v. Snow, 131
Ill. 126.

As to the other, the law is that the compensation is earned
when a purchaser is found who is ready, able and willing to
take the property upon the terms fixed by the owner.

The completion of the sale, when the broker is only em-
ployed to find the purchaser, devolves upon the owner, and
whether the proposed purchaser has ever become bound or
not, makes no difference if he is able, ready and willing.
Mechem on Agency, Sec. 966.

Though the instruction is law, it had no application to this
case.

The instructions given on behalf of appellee are very volu-
minous.   To copy and comment upon them would occupy
great space.

The effect of them all is simply that if the appellee found
a purchaser ready, able and willing to take the property on
the terms fixed by the appellant, or upon other terms agreed
to by him afterward, such purchaser was entitled to a reason-
able time to examine the title, and if the sale failed through
no fault of the appellee or the purchaser, even if the appel-
lant had no title, and the appellee had agreed to take his pay
out of the purchase money, and have none unless the sale was
made, still he would be entitled to his pay if the sale failed
by the refusal of the appellant to go on with it.

Some of the instructions are subject to criticism, but it is clear that the issue fought out before the jury was whether the appellant did or did not wilfully break off the trade, and none of the instructions had any tendency to mislead the jury on that issue.

Their general effect is in accord with the established law, and the judgment must be affirmed.

*Judgment affirmed.*